IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CORPMEDEC S.A. and
ZOLDAN CORPOREISHON COMPANIA
DE RESPONSABILIDAD LIMITADA,

        Plaintiffs,

v.

VITALIFE INTERNATIONAL LLC and
Q9 MEDICAL CORP.

        Defendants.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, CORPMEDEC S.A. and ZOLDAN CORPOREISHON COMPANIA DE RESPONSABILIDAD LIMITADA, sue Defendants, VITALIFE INTERNATIONAL LLC and Q9 MEDICAL CORP. and state:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, CORPMEDEC S.A. ("CORPMEDEC") is and was at all material times a company organized under the laws of the Republic of Ecuador with its principal place of business in Ecuador.

2. Plaintiff, ZOLDAN CORPOREISHON COMPANIA DE RESPONSABILIDAD LIMITADA, ("ZOLDAN") is and was at all material times a company organized under the laws of the Republic of Ecuador with its principal place of business in Ecuador.

3. Defendant, VITALIFE INTERNATIONAL LLC, ("VITALIFE") is, and was at all material times a limited liability company organized under the laws of the State of Florida with its principal place of business in Miami-Dade County, Florida.

1

4. Defendant, Q9 MEDICAL CORP., ("Q9") is, and was at all material times a corporation organized under the laws of the State of Florida with its principal place of business in Broward County, Florida.

5. Jurisdiction exists under 28 U.S.C. § 1331 as the dispute involves the international sale of goods and presents a federal question under a treaty entered into by the United States, namely the United Nations Convention on the International Sale of Goods. *See* S. Treaty Doc. No. 98-9 (1983).

6. Jurisdiction also exists under 28 U.S.C. § 28 US 1332(a)(2) because the dispute is between citizens of a State and citizens or subjects of a foreign state and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7. Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

8. Venue in the Southern District of Florida is proper because the Defendants' principal places of business are located within this district.

## FACTS

9. The Plaintiffs are in the business of selling medical products in Ecuador.

10. During 2020, surgical masks were in extremely high demand in Ecuador due to the COVID-19 pandemic.

11. In or about March 2020, a Miami broker of medical equipment in Miami arranged a contract for the Plaintiffs, jointly, to buy 300,000 surgical grade masks for $570,000 from VITALIFE, in Miami, to be delivered to the Plaintiffs in Ecuador no later than June 1, 2020.

12. The Plaintiffs paid the contract amount to VITALIFE in two equal amounts. CORPMEDEC paid it $285,000 on March 26, 2020 and ZOLDAN paid it $285,000 on March 31, 2020. *See* Composite Exhibit "A."

13. Under Ecuadorian law, the Plaintiffs were automatically charged a withholding tax of 5% for each wire transfer by their respective banks. Thus, the Plaintiffs were charged $28,500 for the two transfers made to VITALIFE.

14. The contract was memorialized by invoice: "ECU-ZOLDAN 222.1." *See* Exhibit "B."

15. Unknown to the Plaintiffs, VITALIFE had no masks in stock and no reasonable prospect of buying any masks to fulfill the contract and it obtained the money from the Plaintiffs under false pretenses without the ability to perform.

16. VITALIFE has represented to the Plaintiffs that at an unknown time it entered into a contract with Q9 in Miami, Florida, ("the VITALIFE/Q9 Contract") whereby it contracted to buy 300,000 masks for the purpose of fulfilling its contract with the Plaintiffs and that it paid Q9 $380,569.00 of the specific funds it had received from the Plaintiffs under the VITALIFE/Q9 Contract.

17. VITALIFE has represented to the Plaintiffs that their identity, as the ultimate purchasers and source of the funds paid to Q9, was disclosed to Q9 and that Q9 agreed to deliver the masks directly to the Plaintiffs in Ecuador.

18. If that is true, which, before discovery it is unknown, then the Plaintiffs were intended third-party beneficiaries of the VITALIFE/Q9 Contract.

19. However, Q9 also had no masks in stock and no reasonable prospect of buying any masks to fulfill the contract and, if VITALIFE's representations are true, Q9 therefore also obtained Plaintiff's money under false pretenses without the ability to perform.

20. Regardless, more than a year has passed since performance was due and, despite repeated demand, neither VITALIFE nor Q9 has delivered any masks, repaid any of the Plaintiffs' money or offered any legal excuse for their failure to do so.

21. It is unknown prior to discovery whether the Defendants were acting together in conspiracy and Plaintiffs will amend accordingly if such proves to be the case.

22. The Plaintiffs have retained the undersigned counsel to prosecute this case and are obliged to pay them a reasonable fee.

23. All conditions precedent have occurred or have been performed, waived or excused.

## COUNT I - BREACH OF CONTRACT
### (Against VITALIFE only)

Plaintiffs allege paragraphs 1 through 23 against VITALIFE only and further allege:

24. By reason of the foregoing, VITALIFE breached its contract with the Plaintiffs, whereby they have been damaged.

25. The measure of damages is at a minimum the purchase price together with the lost profits on the re-sale of the masks which VITALIFE knew and accepted would be the likely consequential damages that would be suffered by the Plaintiffs in the event of its failure to perform.

WHEREFORE, Plaintiffs demand against VITALIFE damages, interest, costs and all such further and other relief in law or equity as may appear just.

## COUNT II - BREACH OF CONTRACT
### (Against Q9 only)

Further or alternatively, Plaintiffs allege paragraphs 1 through 23 against Q9 only and further allege:

26. By reason of the foregoing, Q9 breached its third-party beneficiary contract with the Plaintiffs, whereby they have been damaged.

27. The measure of damages is at a minimum the purchase price together with the lost profits on the re-sale of the masks which Q9 knew and accepted would be the likely consequential damages that would be suffered by the Plaintiffs in the event of its failure to perform.

WHEREFORE, Plaintiffs demand against Q9 damages, interest, costs and all such further and other relief in law or equity as may appear just.

## COUNT III - CONVERSION
### (Against VITALIFE only)

Further or alternatively, Plaintiffs allege paragraphs 1 through 23 against VITALIFE only and further allege:

28. By reason of the matters aforesaid, VITALIFE wrongfully exercised dominion over the property of the Plaintiffs for its own purposes, or for the purposes of persons not entitled thereto, and thereby converted the same to the Plaintiffs' injury and damage.

WHEREFORE, Plaintiffs demand against VITALIFE damages, interest, costs and all such further and other relief in law or equity as may appear just.

## COUNT IV - CONVERSION
### (Against Q9 only)

Further or alternatively, Plaintiffs allege paragraphs 1 through 23 against Q9 only and further allege:

29. By reason of the matters aforesaid, Q9 wrongfully exercised dominion over the property of the Plaintiffs for its own purposes, or for the purposes of persons not entitled thereto, and thereby converted the same to the Plaintiffs' injury and damage.

WHEREFORE, Plaintiffs demand against Q9 damages, interest, costs and all such further and other relief in law or equity as may appear just.

## COUNT V - CIVIL THEFT
### (Against VITALIFE only)

Further or alternatively, Plaintiffs allege paragraphs 1 through 23 against VITALIFE only and further allege:

30. The offense of theft under Florida law consists of "obtaining" or "using" the property of another which is defined, disjunctively, as any and all of the following:

   a. Taking or exercising control over property. *See* Fla. Stat. § 812.012(3)(a).

   b. Making any unauthorized use, disposition, or transfer of property. *See* Fla. Stat. § 812.012(3)(b).

   c. Obtaining property by fraud, willful misrepresentation of a future act, or false promise. *See* Fla. Stat. § 812.012(3)(c).

   d. Conduct previously known as stealing; larceny; purloining; abstracting; embezzlement; misapplication; misappropriation; conversion; or obtaining money or property by false pretenses, fraud, or deception. *See* Fla. Stat. § 812.012(3)(d)(1).

   e. Other conduct similar in nature. *See* Fla. Stat. § 812.012(3)(d)(2).

31. By reason of the matters aforesaid, VITALIFE committed theft under Florida law in that it knowingly, and with criminal intent, obtained or used the property of the Plaintiffs with the intent of depriving them of a right to the property or a benefit from the property contrary to Fla. Stat. § 812.014(1)(a).

32. Further or alternatively, by reason of the matters aforesaid, VITALIFE committed theft under Florida law in that it appropriated the property of the Plaintiffs to its own use or to the use of persons not entitled to the use thereof, contrary to Fla. Stat. § 812.014(1)(b).

33. By reason of the foregoing matters alleged, Plaintiffs are entitled to the civil remedies set forth in Florida Stat § 772.11, including treble damages, attorneys' fees and the expenses of this action.

34. This remedy is cumulative to all other remedies pursuant to Florida Stat § 772.18.

35. All conditions precedent to this action, including statutory notice, have been complied with, waived, or have been otherwise satisfied.

WHEREFORE, Plaintiffs demand against VITALIFE three times the damage suffered, plus interest, and such further and other legal and equitable relief as may appear, plus the attorneys' fees, costs and expenses of this action.

### COUNT VI - CIVIL THEFT
**(Against Q9 only)**

Further or alternatively, Plaintiffs allege paragraphs 1 through 23 against Q9 only and further allege:

36. The offense of theft under Florida law consists of "obtaining" or "using" the property of another which is defined, disjunctively, as any and all of the following:

   a. Taking or exercising control over property. *See* Fla. Stat. § 812.012(3)(a).

   b. Making any unauthorized use, disposition, or transfer of property. *See* Fla. Stat. § 812.012(3)(b).

   c. Obtaining property by fraud, willful misrepresentation of a future act, or false promise. *See* Fla. Stat. § 812.012(3)(c).

   d. Conduct previously known as stealing; larceny; purloining; abstracting;

7

embezzlement; misapplication; misappropriation; conversion; or obtaining money or property by false pretenses, fraud, or deception. *See* Fla. Stat. § 812.012(3)(d)(1).

    e.    Other conduct similar in nature. *See* Fla. Stat. § 812.012(3)(d)(2).

37. By reason of the matters aforesaid, Q9 committed theft under Florida law in that it knowingly, and with criminal intent, obtained or used the property of the Plaintiffs with the intent of depriving them of a right to the property or a benefit from the property contrary to Fla. Stat. § 812.014(1)(a).

38. Further or alternatively, by reason of the matters aforesaid, Q9 committed theft under Florida law in that it appropriated the property of the Plaintiffs to their own use or to the use of persons not entitled to the use thereof, contrary to Fla. Stat. § 812.014(1)(b).

39. By reason of the foregoing matters alleged, Plaintiffs are entitled to the civil remedies set forth in Florida Stat § 772.11, including treble damages, attorneys' fees and the expenses of this action.

40. This remedy is cumulative to all other remedies pursuant to Florida Stat § 772.18.

41. All conditions precedent to this action, including statutory notice, have been complied with, waived, or have been otherwise satisfied.

WHEREFORE, Plaintiffs demand against Q9 three times the damage suffered, plus interest, and such further and other legal and equitable relief as may appear just, plus the attorneys' fees, costs and expenses of this action.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury on all triable issues.

Dated: December 2, 2021

    Respectfully submitted,

    Aballí Milne Kalil, P.A.
    *Counsel for Plaintiffs*
    One Southeast Third Avenue, Suite 2250
    Miami, Florida 33131
    Telephone: (305) 373-6600
    Facsimile: (305) 373-7929
    Email: gsmith@aballi.com
    Email: rtischler@aballi.com

    */s/ Grant S. Smith*
    Grant S. Smith
    Florida Bar No. 100593
    Renee R. Tischler
    Florida Bar No. 26939